UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

---------------------------------------------x
Electronic Creations Corp.                    CIVIL ACTION NO. 11-cv-02617 "N" (4)

          Plaintiff,

  v.                                          JUDGE KURT D. ENGELHARDT

GoAuto, LLC

          Defendant.                      MAGISTRATE KAREN WELLS ROBY
---------------------------------------------x

## DEFENDANT'S ANSWER AND COUNTERCLAIM

    Defendant GoAuto, LLC ("Defendant" or "GoAuto") hereby sets forth its Answer and Counterclaim to the Complaint ("Complaint") filed by Plaintiff Electronic Creations Corporation ("Plaintiff" or "ECC"). Defendant denies each and every allegation contained in the Complaint except those specifically admitted hereinbelow. Defendant responds to each of the individually numbered allegations of the Complaint as follows:

    1.    Defendant admits that Plaintiff has brought the cited claims under federal and Louisiana law. Defendant denies that Plaintiff's claims under Louisiana state law are "substantial." Defendant denies that any of Plaintiff's claims have merit.

    2.    Admitted.

    3.    Admitted.

    4.    Admitted.

    5.    Admitted.

    6.    Admitted.

    7.    Denied.

8. Defendant admits that the online database of the U.S. Patent and Trademark Office indicates that Plaintiff is the record owner of the cited registration. Defendant denies that the registration is valid or enforceable.

9. Defendant lacks sufficient information to form a belief about the allegations in this paragraph, and therefore denies the same.

10. Denied.

11. Defendant lacks sufficient information to form a belief about the allegations in this paragraph, and therefore denies the same.

12. Defendant lacks sufficient information to form a belief about the allegations in this paragraph, and therefore denies the same.

13. Defendant lacks sufficient information to form a belief about the allegations in this paragraph, and therefore denies the same.

14. Defendant lacks sufficient information to form a belief about the allegations in this paragraph, and therefore denies the same.

15. Defendant lacks sufficient information to form a belief about the allegations in this paragraph, and therefore denies the same.

16. Admitted.

17. Defendant admits that it used the domain name goautoinsurance.com to post a web site at www.goautoinsurance.com on or about April 22, 2009, on which it offered automobile insurance. Defendant denies that the web site is "infringing."

18. Defendant admits that it uses the mark GO AUTO LOW COST CAR INSURANCE and Design on the web site located at www.goautoinsurance.com. Defendant denies that either the mark or the web site are "infringing."

19. Admitted.

20. Defendant admits that it uses the mark GO AUTO LOW COST CAR INSURANCE and Design on store signage, on print materials, and in advertising. Defendant denies that the mark or the web site are "infringing."

21. Defendant admits that it uses the descriptive and/or generic terms GO and AUTO in the metatags for its web site at www.goautoinsurance.com. Defendant denies that its web site is "infringing." Defendant denies that Plaintiff has any valid or enforceable rights in the purported mark GO AUTO. Finally, Defendant denies that it uses the descriptive and/or generic terms GO and AUTO in order to confuse or divert consumers.

22. Defendant lacks sufficient information to form a belief about the allegations in this paragraph, and therefore denies the same. Defendant denies that its mark is "infringing."

23. Denied.

24. Denied.

25. Denied.

26. Defendant lacks sufficient information to form a belief about the allegations in this paragraph, and therefore denies the same.

27. Defendant lacks sufficient information to form a belief about the allegations in this paragraph, and therefore denies the same.

28. Defendant admits that it has no connection to Plaintiff. Defendant denies that its conduct is "unlawful," or that Defendant requires any permission from Plaintiff to

3

use Defendant's GO AUTO LOW COST CAR INSURANCE and Design mark in connection with Defendant's insurance services.

29. Denied.

30. Admitted.

31. Denied.

32. Defendant admits that Plaintiff instituted Opposition No. 91198266 on January 20, 2011. Defendant denies the allegations in Opposition No. 91198266 and further states that they have no merit.

33. Defendant admits that the parties sought and obtained several suspensions of Opposition No. 91198266 to allow for settlement negotiations. Defendant denies that the opposition was only suspended through November 7, 2011. The current suspension is in effect until May 7, 2012.

34. Defendant incorporates by reference its responses to Paragraphs 1-33.

35. Denied.

36. Denied.

37. Defendant incorporates by reference its responses to Paragraphs 1-36.

38. Denied.

39. Denied.

40. Defendant incorporates by reference its responses to Paragraphs 1-39.

41. Denied.

42. Denied.

43. The allegations contained in Plaintiff's prayer for relief are denied.

4

## DEFENDANT'S AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim upon which relief may be granted.

2. Plaintiff's purported GO AUTO and GOAUTO.COM marks are descriptive and/or generic for the Plaintiff's services.

3. There is no likelihood of confusion because the parties' services are different and are sold to different classes of sophisticated consumers through different channels of trade.

4. Plaintiff's claims against Defendant are barred on the grounds of laches, waiver or estoppel.

5. Plaintiff's claims against Defendant are barred on the grounds of acquiescence.

6. Plaintiff's claims against Defendant are barred on the grounds of unclean hands.

7. Plaintiff's claims against Defendant are barred on the grounds of trademark misuse.

Defendant expressly reserves the right to assert additional affirmative defenses as such additional affirmative defenses become known to it through continued investigation, discovery or otherwise.

WHEREFORE, Defendant respectfully requests that this Court enter judgment against Plaintiff on all claims asserted, assess all costs of suit against Plaintiff and award Defendant reasonable attorneys' fees and order such further relief as the Court deems reasonable and just.

## COUNTERCLAIM

Defendant GoAuto, LLC ("Defendant" or "GoAuto"), by and through its undersigned counsel, for its Counterclaim against Plaintiff Electronic Creations Corporation ("ECC"), hereby alleges and states the following:

### PARTIES

1. GoAuto is a Louisiana limited liability company, with an address at 7169 Florida Boulevard, Baton Rouge, Louisiana, 70806.

2. According to the allegations in its Complaint, ECC is a Colorado corporation, with an address at P.O. Box 1379, Santa Rosa, California 95402.

### JURISDICTION AND VENUE

3. This is a claim for trademark cancellation under the Lanham Act, 15 U.S.C. § 1051 et seq.

4. The Court has subject matter jurisdiction over this action pursuant to the Lanham Act, 15 U.S.C. §§ 1119 and 1121, and 28 U.S.C. §§ 1331 and 1338.

5. In filing the Complaint, ECC has waived any objection to personal jurisdiction as to this Counterclaim. Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400.

### FACTUAL BACKGROUND AND GENERAL ALLEGATIONS

6. ECC is the owner of U.S. Trademark Registration No. 3,399,565 for the mark GOAUTO.COM in connection with "computer services, namely operating a marketplace on a global computer network for buyers and sellers of automobiles and other means of personal transportation" in International Class 35.

7. The term GO in ECC's purported GOAUTO.COM mark is generic. Consumers are accustomed to seeing this term used in connection with web sites and do

6

not view it as an indication of source.

8. The term AUTO in ECC's purported GOAUTO.COM mark is a generic term referring to automobiles.

9. The term ".COM" in ECC's purported GOAUTO.COM mark is a generic top-level domain ("GTLD") which has no trademark significance.

10. The combination of the generic terms GO, AUTO, and the .COM in ECC's purported GOAUTO.COM mark, when used in connection with ECC's services, create a generic and unenforceable mark.

11. Upon information and belief, numerous other companies, including competitors of ECC, use the terms GO and AUTO in connection with goods and services which are identical or closely related to the services offered by ECC under its purported GOAUTO.COM mark.

12. Upon information and belief, ECC has been aware of this widespread, generic and uncontrolled use of the terms GO and AUTO for several years and has failed to take any action to enforce its purported rights.

13. Upon information and belief, ECC's purported GOAUTO.COM mark in U.S. Registration No. 3,399,565 is generic for ECC's services pursuant to 15 U.S.C. §1064.

14. ECC's improper claim of ownership of the terms GO and AUTO has caused and will continue to cause irreparable injury to GoAuto.

15. ECC's U.S. Trademark Registration No. 3,399,565 for the mark GOAUTO.COM should be cancelled pursuant to 15 U.S.C. § 1119.

**PRAYER FOR RELIEF**

WHEREFORE, GoAuto requests:

7

    i)      that the Court issue an order directing the cancellation of ECC's U.S. Trademark Registration No 3,399,565;

    ii)     that GoAuto be awarded attorneys' fees and costs incurred in connection with this action; and

    iii)    that GoAuto be granted such other relief as may be just and proper.

Dated: March 1st, 2012

                              Respectfully submitted,

                              GOAUTO, LLC

                              By:  /s/Richard F. Zimmerman, Jr.
                                    Richard F. Zimmerman, Esq., T.A.
                                    (Louisiana Bar No. 13800)
                                    W. Scott Keaty, Esq.
                                    (Louisiana Bar No. 23151)
                                    Kantrow Spaht Weaver and Blitzer (APLC)
                                    445 North Boulevard, Suite 300
                                    Baton Rouge, Louisiana 70802
                                    Tel.: (225)383-4703
                                    Fax: (225)343-0630
                                    Email: richard@kswb.com
                                                scott@kswb.com

                              Bassam N. Ibrahim, Esq.
                              (pro hac vice application to be filed)
                              Buchanan Ingersoll & Rooney, PC
                              1737 King Street
                              Suite 500
                              Alexandria, VA 22314
                              Tel.: (703)838-6584
                              Fax: (703)836-2021
                              Email: bassam.ibrahim@bipc.com

                              *Attorneys for Defendant GoAuto, LLC*

## CERTIFICATE

I hereby certify on the 1st day of March, 2012, I electronically filed this Answer and Counterclaim with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to all counsel of record who have consented to electronic notification.

/s/Richard F. Zimmerman, Jr.
Richard F. Zimmerman, Jr.